UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| ROGER J. BIBEY, | ) | CASE NO. 08-60821 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | (NOT INTENDED FOR |
| | ) | PUBLICATION) |

Before the court is the Application for Compensation filed by Debtor's counsel, Estelle D. Flasck (hereafter "Attorney Flasck"), on July 14, 2008. Through the fee application, Attorney Flasck seeks a total of $2,000.00, less the prepetition retainer of $200.00 paid by Debtor. The application came before the Court for hearing on August 20, 2008. No one appeared at the hearing and no objections were filed.

The court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. The following constitutes the court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

FACTS

Attorney Flasck represents Debtor in this chapter 13 case, filed on March 21, 2008. At the time of the filing, two administrative orders governed the compensation of professionals: Administrative Order 93-1, issued by the judges of the Bankruptcy Court for the Northern District of Ohio, and Administrative Order 05-06, issued by Judge Kendig for cases filed in the Canton division. Under the latter administrative order, and based on the plan confirmed on July 3, 2008, the presumptive fee for this case is $1,500.00. According to the application, and the Rule 2016 disclosure filed with the petition, Attorney Flasck seeks $2,000.00 in compensation.

LAW

The guidelines for compensation awards are set forth in 11 U.S.C. § 330. Section 330(a)(4)(B) provides:

> In a chapter 12 or chapter 13 case in which the debtor
> is an individual, the court may allow reasonable compen-

sation to the debtor's attorney for representing the interests
of the debtor in connection with the bankruptcy case based
on a consideration of the benefit and necessity of such
services to the debtor and the other factors set forth in this
section.

In the Sixth Circuit, "reasonable compensation" is based on a lodestar calculation which requires a bankruptcy court to "multiply the attorney's reasonable hourly rate by the number of hours reasonably expended." *See* In re Boddy, 950 F.2d 334, 337 (6th Cir. 1991). The lodestar amount is subject to upward or downward adjustment based upon the following factors:

(1) the time and labor required; (2) the novelty and difficulty
of the question; (3) the skill requisite to perform the legal service
properly; (4) the preclusion of other employment by the attor-
ney due to acceptance of the case; (5) the customary fee;
(6) whether the fee is fixed or contingent; (7) time limitations
imposed by the client or the circumstances; (8) the amount in-
volved and the results obtained; (9) the experience, reputation,
and ability of the attorney; (10) the 'undesirability' of the case;
(11) the nature and length of the professional relationship with
the client; and (12) awards in similar cases.

Geier v. Sundquist, 372 F.3d 784, 793 (6th Cir. 2004) (citing Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974)); *see also* Hensley v. Eckerhart, 461 U.S. 424 (1983).

The itemization indicates that Attorney Flasck is charging $150.00 per hour for her services. The Court need not consider the reasonableness of the rate because the Court takes issue with the hours expended in this case.

The Court cannot find that the hours itemized by Attorney Flasck are reasonable in this case. Several entries included in the itemization are either excessive or non-reimbursable. Attorney Flasck expended 9.45 hours, or 95% of the no-look fee, prepetition. This is not a complex case: it involves the surrender of one parcel of real estate, the payment of one vehicle loan through the plan, and less than twenty unsecured creditors (who are scheduled to receive an 18.5% dividend). Consequently, the Court finds that an expenditure of one-third of the prepetition time billed would be more reasonable and customary than the hours billed by Attorney Flasck.

Attorney Flasck also appears to be billing for administrative tasks, including entries on March 24, 2008 and April 4, 2008 for mailing documents to the Court; on May 11, 2008 for filing documents, and again on May 12, 2008 for preparing copies and envelopes for a mailing to all creditors. Pursuant to General Order 93-1:

Time spent addressing, stamping and stuffing envelopes,
filing, photocopying or "supervising" any of the foregoing

> is generally not compensable whether performed by
> a professional, paraprofessional, or secretary.

Gen. Ord. 93-1, ¶ 13 (Bankr. N.D. Ohio July 29, 1993). As a result, Attorney Flasck is not entitled to compensation for these entries.

Additionally, there has been very little additional work generated in this case. The one motion for relief from stay which was filed was unopposed by Debtor. Attorney Flasck filed one objection to a proof of claim, which Debtor later withdrew; filed an amended plan and amended schedules I and J in response to the trustee's objection to confirmation on the first plan, and defended one motion to dismiss; none of these resulted in a hearing attended by Debtor or Attorney Flasck. This case has not required specialized bankruptcy knowledge or skill. Further, it has not precluded work on other matters (the most time expended in a single day was only 2.5 hours). There were no sensitive time issues impacting this case, nor was it an "undesirable" case. Considering all of the above, the case has been simple and straight-forward.

As a general rule, in a standard chapter 13 case, the no-look fee traditionally encompasses services through confirmation of the plan. *See* Admin. Ord. 05-06. In addition to these services, it also includes limited, typically post-confirmation, services. As stated above, the customary fee is $1,500.00. A multitude of attorneys accept far more complicated cases for the customary fee, and even advertise for cases at this rate, so the market attests to the reasonableness of the fee.

In light of the above, and considering Attorney Flasck's failure to appear at the hearing on the application and defend her request, the Court finds that the application for compensation is not well-taken and will not award the fees requested. Instead, the Court awards $1,500.00. The trustee is instructed to pay Attorney Flasck the $1,300.00 remaining ($1,500.00 less the $200.00 paid prior to filing) in the same manner as other attorneys are paid their fees.

An order will be issued in accordance with this opinion.

/s/ Russ Kendig
JUDGE KENDIG
U.S. BANKRUPTCY JUDGE

**Service List**:

Toby L. Rosen
Charter One Bank Building, 4th Floor
400 W. Tuscarawas St.
Canton, OH 44702

Estelle D. Flasck
1650 S. Arlington Road
#1
Akron, OH 44306

Roger J Bibey
2153 West Wood Court Apt. #2
Alliance, OH 44601